IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN M. NEIL,<br><br>      Plaintiff,<br><br>v.<br><br>ONECAP REAL ESTATE FUND I, LLC, et al.,<br><br>      Defendants. | Case No. CV-08-199-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Transfer Venue (Docket No. 4). The Court has determined that the decisional process on these motions will not be significantly aided by oral argument. Therefore, the Court will decide the motions without a hearing.

## ANALYSIS

### I. Motion to Transfer Venue

Motions to transfer venue are governed by 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under § 1404(a), the district court has

**Memorandum Decision and Order - Page 1**

discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (Internal citation and quotation omitted).  The Court is required to weigh multiple factors in determining whether transfer is appropriate, including the following: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id*. at 498-99.

      Unfortunately, at this point, disputed facts prevent the Court from conclusively determining the location where the relevant agreements were negotiated and executed, or the governing law of the case.  However, according to Plaintiff and his Complaint, federal law will play at least some role in the case.  Thus, familiarity with the law is similar in both venues.

**Memorandum Decision and Order - Page 2**

The parties' contacts with the forum, as well as their contacts relating to the plaintiff's cause of action in the chosen forum are also somewhat difficult to ascertain given the factual disputes.  However, as best the Court can tell, the contacts were few and occurred mostly by mail between Idaho and Nevada.  Thus, neither of these factors cries out for either forum.

The final three factors likewise fail to support one forum over the other.  As for the differences in the costs of litigation, it seems that it may be slightly more costly for Plaintiff to litigate in Nevada, but slightly more costly for Defendants to litigate in Idaho given their physical locations.  With respect to the availability of compulsory process to compel attendance of unwilling non-party witnesses, the parties agree that the only potential witness who is not a party to the lawsuit is Mr. Freeman.  Both parties agree that Mr. Freeman is amenable to appearing in either Idaho or Nevada, making this a non-factor.  Finally, the ease of access to sources of proof also appears equal in either forum because the case is likely limited to a single document, the parties, and Mr. Freeman's testimony.

Thus, the Court finds that the only factor which weighs in favor of one forum over the other is the plaintiff's choice of forum. That factor obviously weighs in favor of Plaintiff.  Therefore, under these circumstances, the Court concludes that Defendants have failed to meet their burden of showing that Nevada

**Memorandum Decision and Order - Page 3**

is the more appropriate forum for this action. Accordingly, the Court will deny the motion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Transfer Venue (Docket No. 4) shall be, and the same is hereby, DENIED.



DATED: **November 12, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge